UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREGORY R. WINSLOW,

    Plaintiff,

v.                                                    CASE NO.: 8:05-CV-1621-T-MAP

JO ANNE B. BARNHART, Commissioner
of Social Security,

    Defendant.
_____/

**ORDER**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), the Plaintiff seeks judicial review of the Commissioner's decision denying her disability insurance benefits, period of disability benefits, and Supplemental Security Income ("SSI").[1] Plaintiff argues the Administrative Law Judge ("ALJ") erred by (1) failing to give adequate weight to the Plaintiff's treating physicians; (2) finding him not credible; (3) failing to present a proper hypothetical to the vocational expert ("VE"). Having carefully reviewed the record, I find the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Accordingly, Plaintiff's complaint is dismissed and judgment is entered for the Defendant.

*A. Background*

Plaintiff, born in 1940, has a high school education, two years of college education, and past work experience as a tool grinder and machine shop supervisor. He claims disability, commencing June 2, 1996, due to manic depression, bipolar disorder, kidney problems, thyroid problems,

---

[1] The parties have consented to proceed before me pursuant to 28 U.S.C. § 636(c) (doc. 13).

migraine headaches, and pain in his back and feet. Plaintiff filed applications for disability insurance benefits on December 17, 2001 and SSI benefits on January 8, 2002. After these applications were denied initially and on reconsideration, Plaintiff requested an administrative hearing. An administrative hearing was held and on October 27, 2003 the ALJ issued a decision denying Plaintiff benefits. The Appeals Court denied review on January 21, 2005, and Plaintiff filed this action. The case is now ripe for review.

*B. Standard of Review*

To be entitled to SSI or disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423 (d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520; 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. *See* 20 C.F.R. §§ 404.1520(a); 416.920(a). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (i.e., one that significantly limits the ability to perform work-related functions); (3) whether the severe

impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her age, education, and work experience. 20 C.F.R. § 404.1520. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 C.F.R. §§ 404.1520(f); 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he/she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*C. Discussion*

Plaintiff first contends the ALJ failed to accord substantial weight to the opinion of his treating physician, Dr. Lapine. Additionally, Plaintiff contends that the ALJ did not properly evaluate Dr. Lapine's records when determining he possesses the residual functional capacity to perform his past relevant work. Defendant maintains that the ALJ adequately considered the

opinions of Dr. Lapine.  In fact, it is the ALJ who is responsible for making the RFC determination, which includes considering all relevant evidence, not only the opinions of doctors.  20 C.F.R. §§ 404.1545, 416.945.

The Social Security regulations generally require the ALJ to give more weight to a claimant's treating physician because this professional is most able to provide a detailed, longitudinal picture of the claimant's medical impairments.  *See* 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2).  It is well-established that the "testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary."  *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1158 (11th Cir. 2004) Nonetheless, the physician's opinion is not sacred.  For the ALJ to give the physician's opinion controlling weight as to the nature and severity of the impairment, the opinion must be well-supported by medically acceptable clinical and laboratory diagnostic techniques and must not be inconsistent with the other substantial evidence in the record.  *Id.*  Moreover, some medical opinions, such as ones that the claimant is disabled or unable to work, are not entitled to any special significance.  20 C.F.R. §§ 404.1527(e); 416.927(e).

In light of all this, the ALJ properly considered the opinion of Dr. Lapine in finding Plaintiff not disabled.  Dr. Lapine provided an arthritis assessment and a general RFC assessment in October 2002.  These records indicated that plaintiff's condition was of a progressive nature, and that over time his functional restrictions had become more limited.  Although Plaintiff's condition may be worsening, his condition had not risen to the level of disabled at the time relevant to the ALJ's decision.  In addition, a State agency medical consultant evaluated

Plaintiff's claim, finding he retained the RFC to perform light work.[2]  Moreover, the medical evidence during the relevant time period reveals that Plaintiff's conditions did not place significant restrictions on his activity.

   *2. Plaintiff's credibility*

Plaintiff argues the ALJ did not properly evaluate his pain and failed to evaluate the effect of his non-exertional impairments on his ability to work.  The Commissioner asserts that the ALJ carefully considered Plaintiff's complaints of pain, but determined that his testimony was not fully credible, as his complaints were inconsistent with the medical evidence.

If the ALJ rejects a claimant's testimony regarding complaints of pain, he must articulate "explicit and adequate reasons" for doing so.  *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995).  The articulated reasons for discrediting a claimant's testimony must be supported by substantial evidence.  *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987).  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  *Foote*, 67 F.3d at 1562.

Interestingly, Plaintiff presents no evidence to confirm either the severity of his sypmtoms or showing that his impairments could be reasonably expected to give rise to the disabling pain and symptoms alleged.  The evidence reveals that Plaintiff performed activities such as golfing and carpentry, and that he worked in his previous occupation as a tool grinder for several months after his alleged onset date (R. 18 and 20, 95 and 175).  In addition, the

---

[2] This evaluation was found consistent with the overall record at the time it was performed.  However, the additional records from Dr. Lapine indicating a worsening condition were not available to the State agency at the time of their review.  The ALJ took this into consideration when determining the weight to accord the agency's findings (R. 20).

Commissioner correctly asserts that no physician, before Dr. Lapine's October 2002 opinion, ever opined that Plaintiff's RFC was restricted.

Plaintiff also contends that the ALJ failed to consider Plaintiff's non-exertional impairments, and the combination of those impairments on his ability to work.  However, other than this cursory statement, Plaintiff fails to articulate any evidence to discredit the ALJ's decision.  Accordingly, the ALJ's decision regarding Plaintiff's credibility and RFC are supported by substantial evidence.

### 3. vocational expert

Plaintiff contends that the ALJ failed to include all his limitations in the hypothetical posed to the vocational expert.  Defendant argues that the hypothetical adequately portrayed Plaintiff's impairments.  In addition Defendant points out that Plaintiff fails to explain which limitations were left out by the ALJ.

The ALJ's hypothetical posed to a vocational expert must comprehensively describe the plaintiff's limitations.  *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985).  Of course, the ALJ is not required to include limitations found not credible, and submits to the expert only those supported by objective evidence of record.  *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996), *McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987).  In this matter, Plaintiff fails to explain the crucial limitations which the ALJ left out of the hypothetical.  Since the ALJ determined Plaintiff had the RFC to perform his past relevant work, the burden shifted to Plaintiff for a rebuttal.  Plaintiff offered no evidence demonstrating that he was not capable of performing his past relevant work.  Accordingly, the ALJ submitted a proper hypothetical to the vocational expert, including all the limitations he found to be credible.

*D. Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. The Plaintiff's complaint is dismissed and the Commissioner's decision affirmed.

2. The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED at Tampa, Florida on this 7th day of August, 2006.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record